IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SCOTT JEFFREY MELNICK,<br><br>    Plaintiff,<br><br>    v.<br><br>JAMES DELLISANT and MARYANN DELLISANT,<br><br>    Defendants. | CIVIL ACTION<br>NO. 14-3086 |

**MEMORANDUM**

**SCHMEHL, J.  /s/ JLS**                                                                                January 28, 2015

On May 29, 2014, Plaintiff Scott Jeffrey Melnick filed a *pro se* complaint against Defendants, James Dellisant and MaryAnn Dellisant (hereinafter "the Dellisants" or "Defendants"), followed by an additional document on November 17, 2014, that appears to be an amended version of the complaint.[1] To the extent Plaintiff required leave to file the amendment under Federal Rule of Civil Procedure 15(a), it is granted, and the Court considers both documents. As discussed below, that consideration warrants dismissal of this action with prejudice.

The Court has a duty to consider subject matter jurisdiction *sua sponte* at all stages of litigation. <u>Yellowbird Bus Co. v. Lexington Ins. Co.</u>, 450 F. App'x 213, 216 (3d Cir. 2011). Both versions of the complaint in this matter appear to indicate that both Plaintiff and Defendants are citizens of Pennsylvania, so there is no diversity

---

[1] The record in this matter does not indicate that any of these documents have been properly served on Defendants, which could provide an independent basis for dismissal. Given the other bases for dismissal discussed in this opinion, however, the Court will not go through the process of notifying Plaintiff of the intent to dismiss for lack of service.

jurisdiction.[2] See 28 U.S.C.A. § 1332. The original complaint alleges federal question jurisdiction on the basis of "Embezzlement, Theft of Service[, and] Conspiracy," while the latest version asserts "the court has jurisdiction, as the agreements made were completed person to person and through a peer group." The Court perceives no federal question in either of these formulations.

"A federal court may *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) when the allegations within the complaint 'are so attenuated and unsubstantial as to be absolutely devoid of merit, . . . wholly insubstantial, . . . obviously frivolous, . . . plainly unsubstantial, . . . or no longer open to discussion.'" DeGrazia v. F.B.I., 316 F. App'x 172, 173 (3d Cir. 2009) (quoting Hagans v. Lavine, 415 U.S. 528, 536-37 (1974)). The DeGrazia court further described the plaintiff's claims as warranting dismissal because "they rel[ied] on fantastic scenarios lacking any arguable factual basis." Id. With the most generous reading, Melnick's complaint and its amended variation appear to describe some agreement between Plaintiff and others (not even clearly the named defendants) under which Plaintiff "thought to have incited an effort to win Powerball lottery 5-12-07" and wanted to "do lottery jackpot speculation," told the defendants "about how to win the jackpot lottery as scheduled to be decided," and "in talks with Mr. Dellisant did make a verbal and binding contract to proceed in a cooperative venture to win a lottery." It appears Plaintiff is claiming defendants would actually play the lotteries and remit a share of the proceeds to Plaintiff. Though little is clear about the allegations, their fantastical nature is made clearer by Plaintiff's reference that "the defendant did agree to full disclosure of acts performed under this agreement and to divulge any winnings of any lotteries played,

---

[2] It appears from the complaint and its amendment that Plaintiff and the Defendants are in fact neighbors.

as any lottery played by the defendant was to be part of the lottery purchasing agreement with the plaintiff," "about comradeship, the plaintiff was to budge on the defendants behalf, a lottery contract was born and a message of causation divulged between the proponents," "the lottery endeavor was to disclose an income tax statement to the proof that a lottery was won or not won on the part of the agreeing parties," and "Plaintiff thinks to have caused the possible defendant to win two lottery jackpot." These frivolous and fantastical allegations also make clearer the lack of a basis for this Court to exercise jurisdiction.

Dismissal is also appropriate based on noncompliance with Federal Rule of Civil Procedure 8, which requires pleadings to contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and allegations to be "simple, concise, and direct." See also Scibelli v. Lebanon Cnty., 219 F. App'x 221, 222 (3d Cir. 2007). Both versions of the complaint in this matter contain numerous instances of nonsensical phrasing and references to people and events whose relation to the claim the Court can only surmise. (e.g., "Mrs. MaryAnn and Mr. Mark Dellisant called my attention to the property line, whereby, I thought to have made a third party contract with Independent Contractor 'Ann,'" "On 12-13-07, I prospected Mrs. MaryAnn and Mr. Robert Weston, the other person on 'Ann's' list of people to try for, whereby MegaMillions lottery jackpot 12-18-07 was the objective," "Terry Zimmer did represent the JYS Family Limited Partnership, one, two, like or as the group from Morris County, NJ who look to be the same people at $81.5M," "the plaintiff met the defendant per codefendant whereby there was to be an ongoing lottery speculation at Hunan Springs, 4939 Hamilton Boulevard Wescosville, PA 18106," and "Mr. Melnick about the defendant and his posse

3

did have a conversation with the Hunan codefendant and did make an agreement whereby the lottery may have been won or lost as given to those in attendance.")

Further, it is appropriate that dismissal on these various bases be with prejudice. The apparent crux of the complaint is an unbelievable and meritless claim of a contract to profit from Plaintiff's alleged ability to pick winning lottery numbers, with no conceivable jurisdictional link; no amendment can cure that deficiency. In this particular case, Plaintiff has already amended the complaint once, and the nature of his amendment confirms that any further attempts would be futile.

Because Plaintiff's complaints provide no basis upon which this Court can exercise subject matter jurisdiction, and because the jurisdictional deficiencies are incapable of being cured by way of further amendment, dismissal of the complaints is appropriate. Accordingly, Plaintiff's complaints are dismissed with prejudice pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

An appropriate order follows.